UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MANUEL PEREZ**     **CIVIL ACTION**

**VERSUS**

**NO. 20-655-SDD-EWD**

**VANHORN TRUCKING,
LLC, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages allegedly sustained by Manuel Perez ("Plaintiff") as a result of a motor vehicle collision that occurred on or about August 21, 2019.[1] Specifically, Plaintiff claims that he was injured when a vehicle driven by Christopher Collier ("Collier") "suddenly and without warning…attempted to illegally cross both lanes of I-10 East in an effort to take the I-59 northbound split [and] struck Plaintiff's vehicle."[2] Plaintiff also claims that Collier was at all relevant times "an employee/lease operator…acting in the course and scope of his employment" with VanHorn Trucking LLC ("VanHorn").[3] Plaintiff further claims that Collier and/or VanHorn were insured by National Interstate Insurance Company ("NIIC") at the time of collision.[4] On June 22, 2020, Plaintiff filed his Petition for Damages ("Petition") against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.[5] Defendants removed the matter on October 1, 2020, asserting federal subject matter under 28 U.S.C. § 1332.[6]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. While it appears that the amount in controversy

---

[1] R. Doc. 1-4, ¶¶ III – VI.
[2] *Id*. at ¶¶ III – VIII.
[3] *Id*.
[4] *Id*. at ¶¶ I(B), IX. Collier, VanHorn, and NICC are collectively referred to as "Defendants."
[5] *Id*.
[6] R. Doc. 1.

requirement is satisfied,[7] the Court cannot determine whether complete diversity exists because the allegations regarding VanHorn's citizenship are deficient as described below.

The party asserting federal jurisdiction must "distinctly and affirmatively" allege the citizenship of all parties, and "allegations phrased in the negative are insufficient."[8] In the Notice of Removal, Defendants allege (1) that Plaintiff is domiciled in and a citizen of Mississippi, (2) that Collier is domiciled in and a citizen of Tennessee, and (3) that NIIC is a corporation "with both its place of incorporation and its principal place of business in the State of Ohio."[9] Defendants have sufficiently alleged the citizenships of Plaintiff, Collier, and NICC.[10]

However, it is not clear that the parties are diverse because citizenship has not been adequately alleged as to VanHorn. In the Notice of Removal, Defendants allege "VanHorn is a limited liability company in which its sole member's [sic] resides in Ringgold, Georgia, and therefore is a citizen of the State of Georgia for purposes."[11] For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[12]

---

[7] It appears that the amount in controversy is met as the Notice of Removal alleges that in response to a pre-removal request for admission propounded by Defendants, Plaintiff "admitted" that his claims exceed $75,000, exclusive of interest and costs. R. Doc. 1, ¶¶ 11-13; R. Doc. 1-5. *See*, *e.g., Ives v. Kroger Texas L.P*., No. 17-11, 2017 WL 1321000 (N.D. Tex. Mar. 17, 2017) (amount in controversy requirement satisfied where the plaintiff admitted that she was seeking damages in excess of $75,000), *report and recommendation adopted*, 2017 WL 1296598 (N.D. Tex. Apr. 7, 2017)*;Freeman v. Witco, Corp.*, 984 F. Supp. 443 (E.D. La. 1997) (amount in controversy requirement satisfied where the plaintiff denied in response to request for admission that she would not seek damages or execute on any judgment rendered in her favor against any of the defendants in excess of $75,000); *Garcia v. State Farm Lloyds*, No. 08-829, 2009 WL 10669517 (W.D. Tex. Feb. 3, 2009) (amount in controversy requirement satisfied where plaintiffs denied a request for admission asking them to "[a]dmit that the damages you are seeking in the lawsuit, at this time or at any time in the future, including attorney fees, do not exceed $75,000" because they wanted "to preserve their ability to seek damages greater than $75,000 should they, in the future, discover grounds for seeking greater damages than they currently seek.").

[8] *Truxillo v. American Zurich Ins. Co.*, No. 16-639, 2016 WL 6987127, *6 (M.D. La. Oct. 24, 2016) (internal citations omitted).

[9] R. Doc. 1, ¶¶ 16, 18-19.

[10] *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."); 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"); *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

[11] R. Doc. 1, ¶ 17.

[12] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

Thus, to properly allege the citizenship of a limited liability company, *a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).*[13] The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[14]

Accordingly,

**IT IS ORDERED** that **on or before December 31, 2020**, Defendants shall file a comprehensive Amended Notice of Removal, that contains all their numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of Defendant, VanHorn Trucking LLC, as described herein.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on December 21, 2020.

*(signature)*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] *Id*. To the extent VanHorn's member is an individual, allegations of residence are not sufficient. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."). Accordingly, if VanHorn's member is an individual, Defendants must identify that individual and allege that individual's domicile.

[14] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").